UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. KELLY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.:  21-cv-367-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion to Dismiss filed by Defendant United States of America. (ECF No. 7).

**I.    PROCEDURAL BACKGROUND**

    On March 2, 2021, Plaintiff Michael R. Kelly filed a Verified Complaint against Defendant United States of America, alleging that the Internal Revenue Service ("IRS") conducted an unnecessary secondary examination in violation of 26 U.S.C. § 7605(b). (ECF No. 1). On May 20, 2021, Defendant United States filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 7). On June 14, 2021, Plaintiff filed an Opposition to the Motion to Dismiss. (ECF No. 8). On June 21, 2021, the United States filed a Reply. (ECF No. 9).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff Michael R. Kelly owned two foreign entities between 2008 and 2017: (1) Kelly Yacht & Charter, Ltd. ("KY&C"), a Cayman Island entity; and (2) KC Capital Investments, S. De R.L. De C.V. ("KC Mexico"), a Mexico entity. For tax years 2008 through 2017, Plaintiff failed to file required IRS Forms 5471, *Information Return of U.S. Persons with Respect to Certain Foreign Corporations*, due to a mistake by Plaintiff's accountants.

Around September 2012, the IRS began an audit of Plaintiff's individual income tax returns for tax years 2007 through 2011 and 2013. Plaintiff met with IRS personnel several times and produced voluminous records. "During [a] November 20, 2012 meeting the IRS was made aware of KY&C's existence." (ECF No. 1 ¶ 30). By May 2016, the IRS finished the audit and issued Plaintiff three Statutory Notices of Deficiency. Plaintiff timely petitioned the U.S. Tax Court to contest the asserted deficiencies. "Between April 4, 2016 and February 3, 2020, Plaintiff and his representatives had additional meetings, exchanges, and other correspondence with various IRS personnel about the 2007, 2008, 2009, 2010, 2011, and 2013 tax years, included in which were requests for, and production of, records related to KY&C and KC MEXICO." (*Id.* ¶ 38). The IRS "was [] made aware of the existence of KC MEXICO no later than May 2018." (*Id.* ¶ 33).

On October 3, 2019, the IRS amended its answer in the Tax Court proceeding and "targeted the delinquent KY&C Forms 5471 for tax years 2008 and 2009," as well as "a possibly delinquent Form 926, *Return by a U.S. Transferor of Property to a Foreign Corporation*, for KY&C in tax year 2008." (*Id.* ¶ 43). In October 2019, Plaintiff filed KY&C Forms 5471 for tax years 2008-2017. On January 10, 2020, the IRS "raised Plaintiff's failure to file 2008 and 2009 Forms 5471 regarding KC MEXICO." (*Id.* ¶ 49). "On January 21, 2020, Plaintiff filed KC MEXICO's Forms 5471 for tax years 2008 and 2009." (*Id.* ¶ 51). The deficiency action was tried in the Tax Court in February 2020. The Tax Court has yet to issue a decision.

After the trial, the likelihood of the IRS prevailing "seemed bleak, if not nonexistent." (*Id.* ¶ 61). "[F]earing that a once large income tax deficiency was beginning to slip through its fingers," in September 2020 the IRS assigned a new agent to re-audit KY&C and KC Mexico's filings. (*Id.* ¶ 64). On September 4, 2020, the agent issued letters to Plaintiff "propos[ing] a penalty of $100,000 under 26 U.S.C. § 6038B(c)(1), (3)" for failure to file a Form 926 for KY&C for tax year 2008 and "penalty of $10,000, per year, . . . under 26 U.S.C. § 6038(b)" for failure to file Forms 5471 for KC Mexico for tax years 2008 through 2016. (*Id.* ¶¶ 69, 73). Plaintiff subsequently provided the agent with copies of the previously-filed Forms 5471 for KC Mexico for tax years 2008 and 2009 and the previously-filed Forms 5471 for KY&C for tax years 2010 through 2017. Plaintiff submitted "reasonable cause abatement request[s]" to the IRS as to the penalties for the Forms 5471. (*Id.* ¶¶ 77, 81). On November 30, 2020, Plaintiff filed the Forms 5471 for KC Mexico for tax years 2010 through 2016. On February 10, 2021, the IRS informed Plaintiff that "it was unpersuaded with the reasonable cause submissions" and was "moving forward with assessing $230,000 in penalties against Plaintiff . . . despite the fact that . . . [the] U.S. Tax Court . . . will soon rule on whether reasonable cause existed to excuse Plaintiff's late filings." (*Id.* ¶ 87).

Plaintiff brings one claim against the United States for "violat[ing] 26 U.S.C. § 7605(b), including conducting an unnecessary and secondary examination." (*Id.* ¶ 89). Plaintiff seeks "a preliminary and permanent injunction against the IRS to enjoin it from conducting a secondary examination in violation of 26 U.S.C. § 7605(b)," an order "invalidat[ing] any assessment made by the Defendant for penalty under 26 U.S.C. §§ 6038(b)(1) or 6038B(c) as a result of its violation of 26 U.S.C. § 7605(b)," and attorneys' fees and costs. (*Id.* ¶¶ 136-138).

### III.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. *See* Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe*

*Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The court should "assume [the plaintiff's] allegations to be true and draw all reasonable inferences in his favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The court "determine[s] whether the complaint alleges 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). "In such cases, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

**IV.   DISCUSSION**

The United States contends that Plaintiff's claim is moot because "the IRS has now made the assessments about which Plaintiff complains." (ECF No. 7-1 at 9). The United States contends that none of the statutes identified in the Complaint waive sovereign immunity. The United States contends that 28 U.S.C. § 1340 is a general jurisdiction statute, and 28 U.S.C. § 1346(a)(2) is not applicable to Plaintiff's claim for equitable relief. The United States contends that 26 U.S.C. § 7605(b) does not waive sovereign immunity

or provide taxpayers with a cause of action. The United States further contends that Plaintiff's claim is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a) ("AIA"), and the Declaratory Judgment Act, 28 U.S.C. §2201(a) ("DJA").

Plaintiff contends that "only abating the penalties in full would render this matter moot." (ECF No. 8-1 at 6). Plaintiff contends that the Court of Appeals for the Ninth Circuit ruled that jurisdiction exists for cases against the United States under 26 U.S.C. § 7605(b) in *De Masters v. Arend*, 313 F.2d 79 (9th Cir. 1963). Plaintiff contends that the court in *De Masters* held that "claims to restrain conduct that violates 26 U.S.C. § 7605(b) are not precluded by the AIA or DJA." (*Id.* at 10). Plaintiff further contends that the AIA and the DJA do not bar Plaintiff's claim because penalties under 26 U.S.C. §§ 6038(b) or 6038B(c) "should not be considered a 'tax' for purposes of the AIA or the DJA." (*Id.*).

The court "lack[s] jurisdiction to hear moot claims." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (citing *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012, 1015 (9th Cir. 1990)). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Id.* (quoting *N.W. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Pub. Utils. Comm'n v. Fed. Energy Regulatory Comm'n*, 100 F.3d 1451, 1458 (9th Cir. 1996) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).

In this case, Plaintiff brings one claim against the United States for "violat[ing] 26 U.S.C. § 7605(b), including conducting an unnecessary and secondary examination." (ECF No. 1 ¶ 89). Plaintiff's first request for relief requests that the Court "enjoin [the IRS] from conducting a secondary examination in violation of 26 U.S.C. § 7605(b)." (ECF No. 1 ¶ 136). The alleged "secondary examination" that Plaintiff requests the Court enjoin is the "re-audit[] [of] KY&C and KC MEXICO's 2008 through 2017 filing obligations" that commenced in September 2020. (*Id.* ¶ 65). The United States attaches to its Motion to Dismiss eight May 3, 2021, Notices of Penalty Charge, assessing a $100,000 penalty against Plaintiff "under Section 6038B of the Internal Revenue Code for Failure to File

Form 926" for tax year 2008 (Ex. 3 to Mot., ECF No. 7-4 at 2) and $140,000 in penalties against Plaintiff "under Section 6038 of the Internal Revenue Code for Failure to File Form 5471" for tax years 2010 through 2016 (Ex. 2 to Mot., ECF No. 7-3 at 2-8). Based on the allegations in the Complaint and the documents provided by the United States, the "re-audit[] [of] KY&C and KC MEXICO's 2008 through 2017 filing obligations" is complete and penalties have been assessed. (ECF No. 1 ¶ 65). The Court concludes that Plaintiff's request that the Court "enjoin [the IRS] from conducting a secondary examination in violation of 26 U.S.C. § 7605(b)" is moot. (*Id.* ¶ 136).

Further, Plaintiff fails to identify a waiver of sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "Congressional waiver of sovereign immunity is a prerequisite to any suit brought against the United States . . . ." *Roberts v. United States*, 498 F.2d 520, 525 (9th Cir. 1974). "A waiver of the sovereign immunity of the United States 'cannot be implied but must be unequivocally expressed.'" *Franconia Assocs. v. United States*, 536 U.S. 129, 141 (2002) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). "[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Mitchell*, 445 U.S. at 538 (quoting *Sherwood*, 312 U.S. at 586). "[T]he party asserting a claim against the United States . . . has the burden of 'demonstrating an unequivocal waiver of sovereign immunity.'" *United States v. Park Place Assocs.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)). "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

In the Complaint, Plaintiff alleges:

> This is a civil action brought against the UNITED STATES OF AMERICA arising under the laws of the Internal Revenue Code (Title 26) for a violation of 26 U.S.C. § 7605(b). This Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1346(a)(2). *See Arend v. De Masters*, 181 F. Supp. 761 (D. Or. 1960), *rev'd on other grounds*, 313 F.2d 79 (9th Cir. 1963).

(ECF No. 1 ¶¶ 3-4). "28 U.S.C. § 1340 create[s] subject matter jurisdiction, but '[does] not constitute a waiver of sovereign immunity.'" *Park Place*, 563 F.3d at 924 (quoting *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991)). The Little Tucker Act, 28 U.S.C. § 1346(a)(2),

> provides a waiver of sovereign immunity and for concurrent district court jurisdiction over: "[a]ny . . . civil action or claim against the United States, not exceeding $ 10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

*McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008) (quoting 28 U.S.C. § 1346(a)(2)). The Little Tucker Act "'impliedly forbids' the only kind of relief (declaratory and injunctive) sought against the United States" in this case. *Alvarado v. Table Mt. Rancheria*, 509 F.3d 1008, 1018 (9th Cir. 2007) (quoting *N. Side Lumber Co. v. Block*, 753 F.2d 1482, 1485 (9th Cir. 1985)). Neither 28 U.S.C. § 1340 nor § 1346(a)(2) establishes an unequivocal waiver of sovereign immunity by the United States in this case.

26 U.S.C. § 7605(b) provides:

> No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

26 U.S.C. § 7605(b). Section 7605(b) does not explicitly waive the sovereign immunity of the United States or provide taxpayers with a private right of action. *Compare* 26 U.S.C. § 7605(b), *with* 26 U.S.C. § 7609(b) (providing taxpayers with a right to "begin a proceeding to quash" an IRS summons). In *De Masters v. Arend*, 313 F.2d 79 (9th Cir. 1963), plaintiff taxpayers were investigated by agents of the IRS and cleared as to certain tax years. *See Arend*, 181 F. Supp. at 762. After the statute of limitations ran, the Commissioner of the IRS attempted an investigation of the same tax years and caused a summons to be served

on the United States National Bank of Portland for taxpayer records. The taxpayers brought an action in the United States District Court for the District of Oregon against three IRS officials and the Bank "to have the Commissioner and his agents enjoined from further prosecution of their investigation, [and] the said summons quashed . . . ." *Id.* The taxpayers alleged that the investigation violated their Fourth Amendment rights and that the IRS officials were acting in excess of their authority pursuant to 26 U.S.C. § 7605(b). The district court permanently enjoined the IRS officials from investigating possible income tax liability of the taxpayers for years prior to 1955. *De Masters*, 313 F.2d at 83-84.

On appeal, the IRS officials contended that the suit was barred by the doctrine of sovereign immunity. *Id.* at 84. The Court of Appeals for the Ninth Circuit rejected appellants' contention, stating, "[I]f appellants were indeed prohibited by Section 7605(b) or the Fourth Amendment from initiating this inquiry, a suit to restrain their unlawful conduct would not be barred by the doctrine of sovereign immunity." *Id.* at 84-85. The court cited several cases in support of its conclusion, which apply the well-established principle that injunctive suits against government officers in their official capacities are not barred by the doctrine of sovereign immunity. *See id.* at 85 n.8 (citing *Malone v. Bowdoin*, 369 U.S. 643, 647-48 (1962) (explaining "the class of cases in which . . . specific relief can be obtained against a government officer"), *superseded by statute on other grounds as stated in Block v. North Dakota*, 461 U.S. 273 (1983)); *Larson v. Domestic Foreign Corp.*, 337 U.S. 682, 689-90 (1949) (explaining various exceptions to the doctrine of sovereign immunity "for specific relief against officers of the sovereign which are not suits against the sovereign") *superseded by statute on other grounds as stated in Block*, 461 U.S. 273); *California v. Rank*, 293 F.2d 340, 349-53 (9th Cir. 1961) ("The suit against a government official is the traditional remedy for one aggrieved by governmental action in cases where there has been no waiver of sovereign immunity and action against the United States therefore is not available.")).

In this case, Plaintiff brings one claim against one Defendant, the United States, for "violat[ing] [] 26 U.S.C. § 7605(b), including conducting an unnecessary and secondary

examination." (ECF No. 1 ¶ 89). Plaintiff requests that the Court "enjoin [the IRS] from conducting a secondary examination in violation of 26 U.S.C. § 7605(b)" and "invalidate any assessment made by the Defendant for penalty under 26 U.S.C. §§ 6038(b)(1) or 6038B(c) as a result of its violation of 26 U.S.C. § 7605(b)." (*Id.* ¶¶ 136-137). *De Masters* does not support a waiver of sovereign immunity by the United States for the claim alleged or the relief sought. Plaintiff has not identified an unequivocal waiver of sovereign immunity by the United States in this case.

In addition, federal courts are generally without jurisdiction to enjoin the collection efforts of the IRS pursuant to the AIA and the DJA. *See Blech v. United States*, 595 F.2d 462, 467 (9th Cir. 1979), *as amended* (Mar. 5, 1979). The AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The DJA provides that a federal court may grant declaratory relief "[i]n any case of actual controversy within its jurisdiction, except with respect to Federal taxes." 28 U.S.C. § 2201(a). Plaintiff's second request for relief requests that the Court "invalidate any assessment made by Defendant for penalty under 26 U.S.C. §§ 6038(b)(1) or 6038B(c) as a result of its violation of 26 U.S.C. § 7605(b)." (ECF No. 1 ¶ 137). Based on the facts alleged in the Complaint, this is an action to restrain the collection or assessment of a tax or a request for declaratory relief with respect to federal taxes that is barred by the AIA or the DJA. *See Am. Bicycle Ass'n v. United States (In re Am. Bicycle Ass'n)*, 895 F.2d 1277, 1281 (9th Cir. 1990) (holding that the AIA precludes the bankruptcy court from enjoining the IRS from collecting certain penalties); *Mendu v. United States*, 153 Fed. Cl. 357, at *24 (Fed. Cl. 2021) ("[S]ection 6038 penalties are treated as a tax . . . ."). The Court concludes that Plaintiff fails to demonstrate that the Court has subject matter jurisdiction. The Motion to Dismiss is granted.

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant United States of America (ECF No. 7) is granted. The Complaint is dismissed without prejudice. No later than thirty (30) days from the date of this Order, Plaintiff may file any motion for

leave to amend pursuant to Civil Local Rules 7.1 and 15.1(c). If no motion is filed, the Court will order the Clerk of the Court to close the case.

Dated: August 5, 2021

Hon. William Q. Hayes
United States District Court